LOTTINGER, Judge.
This automobile accident case arises out of a relatively minor collision in a shopping center parking lot in Houma, Louisiana. From a trial court judgment absolving the defendant of liability and dismissing plaintiff’s demands, the plaintiff appeals.
The plaintiff-appellant, Charles E. Anderson, claims that when he was backing out of a parking space in the Lynn Park Shopping Center his front bumper was struck by a vehicle driven by the defendant-appellee, Gilbert Moses. Anderson admitted while on the stand that he could not see to his right when he pulled out of the parking space but that he relied on the statement of a passenger in his vehicle that no one was approaching from that direction. When he had pulled out only about four feet, Anderson testified that his passenger told him to stop. Immediately upon stopping, he contends, he was struck by the Moses vehicle, which plaintiff claims was travelling too fast under the circumstances.
Moses, however, testified that he was driving at a reasonable rate of speed in the travel lane of the parking lot and that the Anderson vehicle suddenly and abruptly pulled out in front of him. Moses said he did not have enough time to stop before striking the Anderson car.
In oral reasons for judgment, the trial court held that Anderson created an emergency from which Moses could not extricate himself. Additionally, he found that Anderson was at fault for pulling out in front of the Moses vehicle. As is often the case in this type of situation, the testimony from the two sides was conflicting. It is the function of the trial court in such a case to decide the facts, including the fact of how the accident occurred. Unless the trial *372 court’s decision on factual issues is clearly wrong, that decision will not be disturbed on appeal. Canter v. Koehring Co., 283 So.2d 716 (La.1978); Arceneaux v. Dominque, 365 So.2d 1330 (La.1978).
From our thorough review of the pleadings and transcript we cannot say that the trial court clearly erred in his factual conclusion. Indeed, the preponderance of the evidence shows that the plaintiff was at fault in pulling out of the parking slot without detecting the oncoming vehicle.
Therefore, for the above and foregoing reasons, the decision of the trial court is affirmed at plaintiff-appellant’s costs.
AFFIRMED.